OPINION WISE, J.
{¶ 1} Appellant Bruce Collins appeals his conviction for burglary and assault in the Stark County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the night of February 16, 2004, appellant and his companions, Lloyd Blacksheer and Cliff Barthol, went to visit Robert Windland at his apartment in Alliance, Ohio. Throughout the evening, the four men played cards and consumed alcoholic beverages, including beer and tequila. At around midnight, appellant and Windland went to the store for a new case of beer. However, appellant was stopped by Alliance police for DUI upon his return from the store. After appellant was arrested and taken to jail for the rest of the night, Windland took the case of beer into his apartment. He, Lloyd, and Cliff proceeded to consume most of the remainder over the next few hours.
 {¶ 3} After the break of dawn on February 17, 2004, Lloyd and Cliff left Windland's apartment. They locked the door behind them, leaving Windland to get some sleep before his job started. Windland checked that his door was locked and then went to bed. A short time later, WIndland heard knocking at his door and the ringing of his doorbell. He then heard a breaking sound, and soon saw the apparently angry appellant standing in his bedroom. In the meantime, Lloyd and Cliff decided to go back to Windland's house. Upon arrival, they noticed the door was damaged and appeared to have been kicked in. They rang the doorbell and appellant let them in. Cliff noticed that appellant was angry about the consumption of the beer while he was being held at the jail. During the ongoing argument between appellant and Windland, appellant punched the latter man in the face. Appellant told Windland he would "whoop his butt," threw some money on the floor, and finally left.
 {¶ 4} Officer Todd Aderholt of the Alliance Police Department investigated the incident and ultimately arrested appellant. Appellant admitted in a written police statement that he had struck Windland, but indicated that Windland was moving towards a pellet gun when the assault occurred. Windland also denied to the officer that he had kicked in Windland's door. After appellant's arrest, the case was bound over to the Stark County Grand Jury. Appellant was thereafter indicted on one count of burglary (F4) and one count of assault (M1). During the pre-trial phase of the case, appellant filed a request for jury instructions, seeking an instruction on the lesser-included offense of criminal trespass. However, the request was overruled by the trial court without comment at the close of the trial on May 13, 2004. Appellant was subsequently found guilty by the jury on both counts of the indictment. The court thereafter sentenced appellant to one year of community control sanctions on the burglary count and suspended jail time on the misdemeanor assault conviction.
 {¶ 5} Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 6} "I. The jury's verdict was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 7} "II. The trial court erred in failing to instruct the jury on the lesser-included offense of criminal trespass."
 I. {¶ 8} In his First Assignment of Error, appellant argues that his burglary conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.
 {¶ 9} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 10} R.C. 2911.12(A)(4) provides: "No person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 11} Appellant argues that there was insufficient proof of "force, stealth, or deception" per the above statutory language. He correctly notes that direct eyewitness evidence was lacking as to who broke through the door of Windland's apartment, which is in a high crime neighborhood. However, Ohio law recognizes that circumstantial evidence is sufficient to prove the essential elements in a criminal case. State v. Willey
(Nov. 24, 1998), Guernsey App. No. 98 CA 6, 1999 WL 3962, citing Statev. Hopfer (1996), 112 Ohio App.3d 521, 558, 679 N.E.2d 321. "The only notable exception to this principle is where the inference between the facts proven and the facts sought to be proven is so attenuated that no reasonable mind could find proof beyond a reasonable doubt." Id., citingState v. Griffin (1979), 13 Ohio App.3d 376, 377-378, 469 N.E.2d 1329. In the case sub judice, Windland testified that he heard banging and ringing for approximately twenty minutes as he rested in his bed. Tr. at 75. About two or three minutes after he heard the final "banging," appellant appeared in his apartment in an angry mood. Tr. at 76. Moreover, Cliff Barthol testified that he locked the apartment door behind him when he left with Lloyd that morning, and that the door was in its normal condition at that time. Tr. at 91-92.
 {¶ 12} Accordingly, upon review of the record and transcript in a light most favorable to the prosecution, we find that a reasonable finder of fact could find the elements of the crime of burglary, proven beyond a reasonable doubt.
 {¶ 13} Appellant also argues that his burglary conviction is against the manifest weight of the evidence. Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also,State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 14} The State's case-in-chief consisted of the following witnesses: Windland, Cliff Barthol, and Officer Aderholt. Appellant essentially challenges the nature of the evidence as primarily circumstantial and dependent on the recollections of two individuals who had been on a drinking binge all night before the events at issue. However, Aderholt recalled that when he met with Windland at the scene, Windland had alcohol on his breath, but "[h]e had no problems speaking or standing." Tr. at 102. Furthermore, WIndland specifically recalled that he had not invited appellant to come back to his apartment that morning (Tr. at 77, 82-83), thus creating a likely inference of motive for the jury, i.e., that appellant came to the door, rather than going from the jail to his own residence, because he was upset about the events of the past night.
 {¶ 15} Accordingly, having reviewed the record in the case sub judice, we are unpersuaded by appellant's contention that the jury's verdict led to a manifest miscarriage of justice. As we have often emphasized, the triers of fact, as opposed to this Court, are in a far better position to weigh the credibility of witnesses. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212. We hold the jury's verdict was not against the manifest weight of the evidence.
 {¶ 16} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 17} In his Second Assignment of Error, appellant argues the crime of trespassing is a lesser included offense of the greater offense of burglary, and therefore the trial court erred in failing to instruct the jury in regard to this issue. We disagree.
 {¶ 18} An offense may be a lesser included offense of another if: 1) the offense carries a lesser penalty; 2) the greater offense, as statutorily defined, can never be committed without committing the lesser offense as well; and 3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem
(1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
 {¶ 19} The State does not dispute that trespassing is a lesser included offense of burglary. See, e.g., State v. Burns (March 15, 1999), Marion App. No. 9-98-21. We thus proceed to the next step of determining whether the lack of a jury instruction on criminal trespass in this matter was reversible error. "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v.Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. As per our discussion of the evidence pursuant to appellant's First Assignment of Error, we are unpersuaded that an acquittal on the greater offense of burglary would have been reasonably supported under the facts and circumstances of this case.
 {¶ 20} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.